HOYT (ARMSTRONG v.). See Case No. 544a.

## Case No. 6,807.

### HOYT et al. v. BYRD et al.

[Hempst. 436.] [1]

Circuit Court, D. Arkansas. June, 1841.

BOND FOR COSTS—WHAT IS SUFFICIENT.

1. A bond conditioned for the payment of "all costs that may accrue in a suit, and be adjudged against the plaintiff," is a sufficient compliance with the rule requiring an indorser "for all costs for which the plaintiff may be liable in the suit."

2. Each party is supposed to pay his own costs as they arise in the course of proceedings; and the court will compel the performance of this duty by attachment if necessary.

[This was an action at law by William S. Hoyt, William Wade, Alfred H. P. Edwards,

1 [Reported by Samuel H. Hempstead, Esq.]

and Benjamin Hoyt against Richard C. Byrd, Sterling H. Tucker, and James Scull, Jr.]

S. H. Hempstead and R. W. Johnson, for plaintiffs.

F. W. Trapnall and John W. Cocke, for defendants.

JOHNSON, District Judge. The motion is to dismiss the suit, "because the plaintiffs have not filed, before the institution of this suit, a bond for costs as required by the rules and practice of the court." The rule of this court, upon this subject, is as follows: "The clerk shall require of all non-residents of this district an indorser for costs." The following form upon the declaration, petition, or bill of complaint may be substantially pursued: "I, A. B. acknowledge myself security for all costs for which the plaintiff may be liable in this suit." The bond or indorsement made in this case is in the following words: "I acknowledge myself held and firmly bound to the defendants for all costs that may accrue in this suit, and be adjudged against the plaintiff." The objection taken to the bond just recited is, that it does not in substance conform to the one required by the rule. The rule requires a bond for "all costs for which the plaintiff may be liable in the suit;" and this bond is "for all costs that may accrue in this suit, and be adjudged against the plaintiff." If all the costs for which the plaintiff may be liable, may be adjudged against him, then the obligation of this bond is coextensive with the obligation required by the rule. It can admit of no doubt, that the court may and is bound to adjudge against the plaintiffs all the costs for which they are liable in this suit, upon the motion of those entitled to receive them. Suppose the plaintiffs recover in this action their demand and costs of suit, and fail to collect the costs from the defendant, are they in that event exempted from the payment of the costs occasioned by them? I apprehend they are not, but that upon the application of those entitled, the court will order the plaintiffs to pay their costs, and will enforce the payment by a writ of attachment. 2 Tidd, 905; Bowne v. Arbuncle [Case No. 1,742]. This order is an adjudication and a judgment which may be enforced by the incarceration of the party against whom it is rendered. According to the English practice, each party pays his costs, as they arise in the course of the proceedings, and upon their failure to do so the court will compel them to pay by the process of attachment. 2 Tidd, Costs, 905. The same power is possessed by this court, and will be exercised whenever a party liable for costs shall fail to pay them. If, then, all the costs for which the plaintiffs are liable in this suit may be adjudged against them, and which cannot be doubted, it follows conclusively that the obligation of this bond is

coextensive with the obligation required by the rule, and the motion must be denied. Motion overruled.